# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

CAROLYN ERICKSON,      )
            )
    Plaintiff,      )
vs.            )    NO. CIV-16-540-HE
            )
INDEPENDENT SCHOOL DISTRICT   )
NO. 1-41 OF OKLAHOMA COUNTY, and   )
JOE KITCHENS, SUPERINTENDENT,   )
in his official capacity,      )
            )
    Defendants.     )

## **ORDER**

Plaintiff Carolyn Erickson filed this case in state court, asserting claims against the Western Heights school district and Joe Kitchens, its superintendent. The case was removed to this court on the basis of a Due Process claim asserted under the U.S. Constitution. Plaintiff also asserts state law claims for breach of contract, intentional infliction of emotional distress, and assault.

The court previously dismissed the petition, noting that the allegations were "spare" and that the basis for her claims was uncertain. Order, July 19, 2016 [Doc. #10]. Plaintiff has now filed an amended complaint. Defendants have again moved to dismiss based on Fed.R.Civ.Pro. 12(b)(6).

When considering whether claims should be dismissed under Fed.R.Civ.Pro. 12(b)(6), the court accepts all well-pleaded factual allegations of the complaint as true and views them in the light most favorable to the plaintiff, the non-moving party. S.E.C. v. Shields, 744 F.3d

633, 640 (10th Cir. 2014). To avoid dismissal, the complaint must allege "enough facts to state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). In other words, the facts alleged in the complaint must allow the court to infer the defendant's liability. Shields, 744 F.3d at 640 (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The Twombly/Iqbal pleading standard "is a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do." Id. at 640-41.

Generally summarized, the amended complaint alleges that plaintiff was the principal of Western Heights Middle School and that she was employed in that capacity during the 2015-2016 school year. Kitchens is the superintendent of the district. The complaint alleges that, during the year, Kitchens evaluated plaintiff's performance, but that he allegedly "discarded" the McREL protocol for administrator evaluations that had been adopted by the school board. It alleges that Kitchens placed plaintiff on a performance improvement plan in retaliation for plaintiff reporting to the State Board of Education an allegedly falsified report as to counselor/student ratios. It alleges Kitchens assaulted plaintiff during that or other meetings by raising his voice, pointing his finger, and gesturing. It alleges he and the district committed the tort of intentional infliction of emotional distress by Kitchen raising his voice in meetings, leaving the office door open so others could hear the discussion at the

meeting, and allowing witnesses to be present during evaluations.

The amended complaint does not allege compliance with the Oklahoma Governmental Tort Claims Act, 51 OKLA. STAT. § 151 *et seq.* ("GTCA"), as to the state law tort claims. It also does not allege that plaintiff was terminated from her employment, but alleges plaintiff's name was removed from a "published list" of teachers and administrators whose contracts would be approved for the 2016-2017 school year.

The parties' treatment and discussion of the various issues continues to be somewhat ragged. Plaintiff has ignored the court's prior instruction to correctly name the defendant school district. The complaint continues to leave considerable confusion as to the basis for the various claims or for the various conclusory allegations on which it relies. Of the numerous exhibits attached to the complaint, most have only a tenuous connection to the allegations they allegedly support. Defendants compound the confusion by relying on facts outside the complaint — such as arguing that plaintiff has now resigned her position — which is inappropriate for a 12(b)(6) motion. Nevertheless, the court has considered the arguments more or less raised by the parties and concludes, once again, that the complaint must be dismissed.

1. Contract claims.

Plaintiff apparently intends to assert breach of contract claims against both the school district and against Kitchens. It is not altogether clear what plaintiff intends as to Kitchens, because the caption of the complaint continues to indicate the claims against him are in his

"official capacity." But assuming that plaintiff is asserting a breach of contract claim against Kitchens personally, it will be dismissed. There is no allegation of any contract between plaintiff and Kitchens, and "a contract made with a known agent for a disclosed principal is a contract with the principal alone." Bane v. Anderson, Bryant & Co., 786 P.2d 1230, 1234 (Okla. 1989). To the extent plaintiff asserts a contract claim against Kitchens because he signed the contract for the district or took some other actions allegedly constituting the breach, no claim is stated. In circumstances such as are alleged to exist here, an agent is not individually liable for the principal's breach of contract. Shebester v. Triple Crown Insurers, 826 P.2d 603, 609 & n.21 (Okla. 1992).

The contract claim asserted against the district appears to be based on the assumption that, since her contract required her to abide by state law and regulations/directives of the board of education, it is a breach of her employment contract any time the district does not follow some state policy or meet the accreditation standards set by national bodies. That *non sequitur* is not supported by any apparent authority. Under Oklahoma law, "a contract includes not only the promises set forth in express words, but, in addition, all such implied provisions as are indispensable to effectuate the intention of the parties, and as arise from the language of the contract and the circumstances under which it was made." Miller v. Indep. Sch. Dist. No. 56, 609 P.2d 756, 758 (Okla. 1980). Employee manuals or policies can create such implied contracts. *See* Russell v. Bd. of Cnty. Comm'rs, 952 P.2d 492, 501-02 (Okla. 1997). But those authorities do not extend to the sorts of grounds plaintiff appears to assert

here, alleging breaches of her employment contract based on rules or restrictions arguably applicable to the district.

The complaint alleges the district adopted the McREL protocol for evaluation of administrators, but plaintiff offers no explanation of why that policy should be deemed to be a part of her employment contract or why she should be deemed to have some vested interest in a particular procedure. Her contract (Exhibit 1 to the complaint) requires only that she comply with the rules and policies of the school board and the administration. Further, even assuming plaintiff did have some right to insist on the McREL procedure, the complaint contains no non-conclusory allegations as to how the procedure was "discarded." The mid-year evaluation to which she objects was on a McREL form, apparently the same form as dictated by the McREL protocol. The forms differ only in that one is blank, while the other contains information from the evaluation identifying areas where her performance needed to be improved.

In short, the complaint does not state a plausible basis for a contract claim, against either Kitchens or the district, based on the standards set out above. The contract claim will be dismissed.

2. Tort claims.

Defendants seek dismissal of plaintiff's purported claims for assault and intentional infliction of emotional distress on multiple grounds.

As suggested above, the parties' discussion of the claims against Kitchen is

complicated by the complaint's indication that he is sued only in his "official capacity." That designation has no apparent application to state law tort claims. What is pertinent is whether or not Kitchen's alleged acts were or were not within the scope of his employment. If they were within the scope, then he is protected from personal liability by Oklahoma law. 51 OKLA. STAT. § 163(C). If he was outside the scope of his employment, he may be personally liable. Benshoof v. Niles, 380 P.3d 902, 907 (Okla. Civ. App. 2016). Here, the complaint includes no non-conclusory allegations which suggest Kitchens acted outside the scope of his employment as superintendent.[1] The only reasonable inference supported by the allegations is that Kitchens was acting within the scope of his employment. Therefore, the tort claims against him will be dismissed.

The tort claims against the district must also be dismissed. Political subdivisions of the state such as a school district are shielded, based on sovereign immunity, from liability in tort except to the extent that immunity has been waived. 51 Okla. Stat. §§ 152(10)(b), 152.1. *See also* Sossamon v. Texas, 563 U.S. 277, 284-85 (2011). The GTCA waives that immunity in certain circumstances and is the exclusive source of redress for most tort claims against the state and its subdivisions. 51 OKLA. STAT. § 152.1. In order to assert a tort claim under the GTCA, and hence effect a waiver of sovereign immunity, the claimant must

---

[1]*Allegations that Kitchens raised his voice, or pointed his finger, or allowed others to be present for a staff evaluation do not support an inference that he was acting outside the scope of his employment. There is no basis alleged for concluding that Kitchens was pursuing some agenda other than the interests of the school district or was otherwise acting in bad faith.*

comply with certain procedures, including the presentation of a notice of claim to the entity within a year of the alleged tort/loss. *Id.* § 156(B). Compliance with the GTCA is a "jurisdictional prerequisite to a civil action under the statute, and such compliance must therefore be specifically alleged in a plaintiff's complaint." Sutherlin v. Indep. Sch. Dist. No. 40, 960 F. Supp. 2d 1254, 1269 (N.D. Okla. 2013). Here, despite the same issue having been raised in defendants' original motion to dismiss, the amended complaint still contains no allegation of compliance with the GTCA.

Finally, the court notes that, even apart from GTCA compliance, the purported tort claims in the complaint lack the necessary factual support to meet the Twombly federal pleading standard. The allegations supporting the assault claim are largely conclusory. And the allegations supporting the intentional infliction claim do not come remotely close to making out that tort. Intentional infliction of emotional distress requires a showing that the conduct at issue is extreme and outrageous. *See* Computer Publ'ns, Inc. V. Welton, 49 P.3d 732, 735 (Okla. 2002). Plaintiff's allegations fall well short of pleading that level of conduct.

The complaint will be dismissed insofar as it purports to assert state law tort claims against defendants.

3. Constitutional claims.

Plaintiff asserts constitutional claims based on the Due Process clauses of the federal and state constitutions. Defendants argue the complaint fails to state a claim because it fails to allege the deprivation of a property or other interest such as might be the basis for a Due

Process claim. Defendants argue that plaintiff lacks standing for somewhat similar reasons. They also allege plaintiff voluntarily resigned her position at some point.

Plaintiff's alleged resignation is not properly considered in connection with this 12(b)(6) motion to dismiss, which challenges only the sufficiency of the complaint. So the court need not consider that argument or plaintiff's response, which is that plaintiff was constructively discharged. Both positions rely on materials outside the complaint. The question for present purposes is whether the complaint states a claim for a Due Process violation.

In order to state a Due Process violation, a plaintiff must allege the existence of a protected property or liberty interest of which she was deprived by defendants' actions. Bd. of Regents of State Colls. v. Roth, 408 U.S. 564, 570-72 (1972). While the complaint does not specifically identify the interest upon which she relies, it appears plaintiff's claim is essentially that she had a property interest in the use of a particular evaluation tool or method, the McREL protocol, to evaluate her performance. Property interests are defined by "independent sources such as state statutes, regulations, municipal ordinances, university rules and even express or implied contracts." Anglemyer v. Hamilton Cnty. Hosp., 58 F.3d 533, 536 (10th Cir. 1995).

It is less than obvious that a person could be said to have a "property" interest in a particular means of evaluation or evaluation process, absent a connection to some more tangible deprivation. However, assuming without deciding that plaintiff had a claim of

entitlement to the use of the McREL evaluation protocol, the complaint still fails to state a claim because there are no <u>factual</u> allegations directed to showing some "discarding" of the protocol or the use of some "rogue" version of it. As noted above in connection with the contract claim, the exhibits suggest that the mid-year evaluation to which plaintiff refers was done on the form dictated by the McREL protocol. And calling the process "rogue" or something similar, without more, does not state a plausible claim under the above standards.

The Due Process claims will be dismissed.[2]

### Conclusion

For the reasons stated, defendants' motion to dismiss [Doc. #12] is **GRANTED**. All of plaintiff's claims are **DISMISSED**. Based on the nature of the claims, the factual allegations presented, and plaintiff's prior failure to amend her pleadings in a way that could plausibly state a claim for relief, the court determines that this case should be **DISMISSED WITHOUT LEAVE TO AMEND**.

---

[2]*Though not referenced by the parties, the court notes that a party cannot establish a procedural due process claim by ignoring the established procedures. See <u>Santana v. City of Tulsa</u>, 359 F.3d 1241, 1244 (10th Cir. 2004). In light of the parties' passing references to the circumstances here as involving a resignation or constructive discharge, and a due process hearing scheduled but not held, there may be a substantial question as to whether plaintiff waived her procedural due process claim by not pursuing whatever administrative review options were available to her.*

**IT IS SO ORDERED.**

Dated this  23rd  day of November, 2016.

JOE HEATON
CHIEF U. S. DISTRICT JUDGE